SAMUEL FLINT *vs.* THOMAS HUBBARD & others.

An agreement between the parties that an auditor may consider and report upon every item of the matters submitted to him according to his judgment does not confer upon him any additional powers.

An auditor's report upon a matter not distinctly submitted to him cannot be considered as evidence by the jury.

Where the value of the plaintiff's services as general agent in carrying on the defendants' business in Michigan was in controversy, the admission of evidence offered by him of his habits of sobriety in Massachusetts before and after his residence in Michigan, in reply to evidence introduced by the defendants of his habits of intemperance while there, furnishes no reason for a new trial; although the defendants filed a written statement, after their evidence was in, that they would not claim that it showed such habitual intoxication on the part of the plaintiff as to incapacitate him from attending to business, but that they would claim that he drank to excess on some occasions.

In a suit upon a note given in settlement for such services, the maker is bound by the settlement, unless he can make it appear that he acted under some mistake of fact, or that he has since discovered a want of fidelity and care on the part of the plaintiff in the conduct of his agency.

CONTRACT on a promissory note given in settlement of the plaintiff's account as general agent and cashier of the defendants in carrying on for them the lumber business in Michigan. The defendants relied upon a failure of consideration, and filed, by order of court, a specification of the particulars in which the settlement was claimed by them to be erroneous. The case was thereupon sent to M. G. Howe as auditor, to ascertain and report the items of account between the parties, and the value of the plaintiff's services for which the note was given ; but he did not report upon all the matters referred to him ; and the case was recommitted, with the following agreement between the parties : " It is agreed that, upon the recommitment of this report to the auditor, he shall be at liberty to consider and report anew upon every item in the defendants' bill of particulars according to his judgment thereupon." In his second report the auditor found that, by including such damages as had accrued to the defendants from the neglect of the plaintiff, there was a balance of $2355.63 due to the defendants from the plaintiff at the date of the settlement when the note was given. One item

allowed by the auditor in favor of the defendants was stated in his report to be for " damages to defendants by reason of plaintiff's neglect to guard against loss of dam, $2000."

At the trial in the superior court the plaintiff read his note, and the defendants read the auditor's report. The plaintiff then offered evidence to control the auditor's report; and the defendants objected that the agreement of the parties was in substance an agreement to refer those items to the auditor, and that his report upon the matters so submitted to him was conclusive. But *Ames*, J., overruled the objection, and the evidence was admitted.

For the purpose of proving the plaintiff's unfaithfulness while in the employ of the defendants, they introduced evidence that he had been expressly ordered by them not to use or permit to be used in their works any intoxicating liquor; and depositions were read tending to show the use of such liquor by the plaintiff, and his keeping liquor and permitting the men under him to use it in the defendants' mills and upon their premises. These depositions are more particularly referred to in the opinion of the court.

In reply to this evidence the plaintiff offered to show his habits for temperance while living in Massachusetts, before and after his residence in Michigan. To this evidence the defendants objected, and offered to state and did state in writing as follows : " The defendants do not claim that their evidence shows such habitual habits of intoxication on the part of the plaintiff as to incapacitate him from attending to business from that cause ; but that, in violation of his duties and instructions, he drank liquor to excess on some two occasions, and encouraged and permitted the men under his charge to use and keep liquor about the mills, to the injury of the defendants."

But the court ruled that, without a more full disclaimer of the imputation of intemperance against the plaintiff, the proposed evidence was admissible; and questions were accordingly put and answered for the purpose of proving the plaintiff's habits and character, in regard to the use of intoxicating liquor, both before and after his residence in Michigan.

VOL. I.                    22

The court, among other things, instructed the jury, that the item of damage by the breaking away of the dam was not included in the defendants' specification, or in the commission from the court, or in the agreement of the parties, and that in relation to that item the auditor's report was not evidence; and that no effect should be given by the jury to the report so far as that item was concerned; and that if, in the settlement when the note was given, the defendants had understandingly made any admission as to any matter of fact, they would not be entitled to retract it, or contradict it, unless they made it appear that they acted under a mistake of fact; but that if, since the settlement, they had ascertained that the plaintiff had been unfaithful previously, and had not furnished ordinary care, attention and skill in his agency for them, they were entitled to have deducted from the note whatever damage or loss may have been occasioned to them by such fault on his part.

The jury found for the plaintiff for a portion of the note, and the defendants alleged exceptions.

*B. F. Butler*, for the defendants. 1. The agreement is a submission to the auditor as referee, and his determination, as such, could not be impeached. 2. Evidence of the plaintiff's habits and character as to temperance in Massachusetts had no legal tendency to prove his habits in Michigan. *Commonwealth* v. *Page*, 6 Gray, 361. 3. The plaintiff's general character for sobriety was not in issue. By the evidence, as controlled by the written disclaimer, only specific instances of disobedience to orders by the use of liquor were attempted to be shown, and evidence of general character was incompetent to rebut. *Russell* v. *Coffin*, 8 Pick. 154. 4. The plaintiff waived objection to the item for damage by the breaking away of the dam, by not taking the objection before the auditor. *Tebbetts* v. *Pickering*, 5 Cush. 83. 5. The instruction as to the effect of admissions at the time of the settlement was too restricted.

*B. Dean*, for the plaintiff.

DEWEY, J. This case was submitted to an auditor with the usual powers of an auditor, and his second report is so to be taken, and was therefore only *prima facie* evidence.

Flint *v.* Hubbard & others.

2. The court properly rejected from the consideration of the jury the claim of damage for the breaking away of the defendants' dam.

3. The verdict should not be set aside on account of the admission of evidence, on the part of the plaintiff, of his habits as to temperance in the use of intoxicating drinks, in reply to the depositions which had been read to the jury by the defendants, in the interrogatories of which the direct inquiry was put as " to the habits " of the plaintiff in reference to temperance, and in one of them an answer unfavorable to the plaintiff, and in the other, particular specifications of intemperate proclivities were given. The disclaimer of the defendants, subsequently made, as to the use they should make of this evidence, did not exclude the plaintiff from replying to what had been introduced reflecting upon his habits and character in this respect, and which was calculated to prejudice the jury. The time to which the inquiry was directed by the plaintiff was not too remote. He had been absent for a short period only, and that objection only went to the effect of the evidence, and not to its competency. It was limited in its purpose to repelling the charges of bad habits, found in the interrogatories and answers in the depositions. This evidence of bad habits was, it would seem, on both sides, to a great degree immaterial evidence upon the issue, which was upon the want of faithfulness and due care on the part of the plaintiff in the business of the defendants; and the jury were instructed to allow the defendants for all damages in this respect, subject only to a limitation to such claims as arose upon facts that came to their knowledge since the settlement took place between the parties, on the occasion of giving the note now sought to be recovered. We see no objection to this limitation, with the accompanying ruling, that all matters of fact then knowingly conceded, and acted upon, and made the subject of adjustment understand ingly, were not open to further controversy.

*Exceptions overruled*